1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JAIME IGNACIO ESTRADA,                No.  1:23-cv-00769 GSA (PC)

12              Plaintiff,                 ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
13         v.
                                           ORDER RECOMMENDING PLAINTIFF'S
14   C. PFEIFFER, et al.,                  MOTION FOR PRELIMINARY
                                           INJUNCTION BE DENIED
15              Defendants.
                                           (ECF No. 3)
16
                                           PLAINTIFF'S OBJECTIONS DUE **APRIL 22,
17                                         2024**

18                                         ORDER DENYING PLAINTIFF'S MOTION
                                           FOR CLASS CERTIFICATION
19
                                           (ECF No. 9)
20

21
           Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
22
     rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
23
     Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
24
           Before this Court are Plaintiff's motion that a preliminary injunction issue and his motion
25
     for class certification.  ECF Nos. 3, 9.  For the reasons stated below, Plaintiff's motion for class
26
     certification will be denied.  It will also be recommended that his motion that a preliminary
27
     injunction issue be denied.
28

                                           1

1    I.        MOTION FOR PRELIMINARY INJUNCTION

2         A.  Relevant Facts

3    Plaintiff's motion for a preliminary injunction reads much like Plaintiff's complaint given

4    that in it Plaintiff largely reiterates significant parts of the arguments he made in the complaint.

5    Compare ECF No. 1 at 7-11, with ECF No. 3 at 1-4.  The complaint alleges violations of right

6    under the Fifth and Fourteenth Amendments against Defendants for allegedly taking too much

7    money from his prison trust fund account.  See generally ECF No. 1.

8         The instant motion states that similar improper withdrawals are also being made from the

9    trust accounts of other inmates.  ECF No. 3 at 4-5.  Consequently, Plaintiff requests the Court to

10   enjoin Defendants and other relevant actors from continuing to take money from his trust account

11   and from those of other inmates when doing so is not consistent with state and federal law.  See

12   id. ¶ 12.

13        B.  Applicable Law and Analysis

14   "A federal court may issue an injunction if it has personal jurisdiction over the parties

15   and subject matter jurisdiction over the claim; it may not attempt to determine the rights of

16   persons not before the court."  Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).  Those

17   acting in concert with a party may be bound by an injunction that has been issued against the

18   party pursuant to Federal Rule of Civil Procedure 65.  Regal Knitwear Co., v. N.L.R.B., 324

19   U.S. 9, 13-14 (1945); Golden State Bottling Co., Inc., v. N.L.R.B., 414 U.S. 168, 178 (1973).

20   However, Rule 65 does not confer personal jurisdiction where it otherwise is lacking.  Citizens

21   Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289,

22   1299 (10th Cir. 1980).

23        Plaintiff's motion must be denied because to date Plaintiff has yet to file a complaint that

24   contains actionable claims against viable defendants (see the Court's screening order).  As a

25   result, the motion for a preliminary injunction is premature for lack of personal jurisdiction.

26   Furthermore, a litigant appearing in propria persona has no authority to represent anyone other

27   than himself.  See Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir.

28   1986) (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)); see also McShane v.

2

United States, 366 F.2d 286, 288 (9th Cir. 1966).  Therefore, Plaintiff is not eligible to request preliminary injunction for other inmates as he may only request one for himself.  For all these reasons, it will be recommended that the motion be denied.

## II.   MOTION FOR CLASS ACTION

### A.  Relevant Facts

In Plaintiff's motion requesting class certification, he reiterates that the California Department of Corrections and Rehabilitation ("CDCR") is consistently and improperly withdrawing too much money from his prison trust fund account.  ECF No. 9 at 1.  The CDCR, he contends, is doing the same thing to "dozens, if not hundreds of inmates" by.  Id. at 2-3 ¶ 1. He further contends that these facts, along with a declaration from another inmate, meet class certification prerequisites under Federal Rule of Civil Procedure 23.  See id. at 3.

### B.  Applicable Law and Analysis

One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  A class action may not be certified where the representative parties are without counsel and especially where the plaintiff is incarcerated.  See generally McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action).  "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.   He has no authority to appear as an attorney for others than himself."  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).   Thus, "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."   Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (brackets added) (citation omitted).  In addition, Plaintiff has requested that the Court appoint "qualified" counsel to represent both him and the members of the Class.  But again, given that no cognizable claims or viable defendants have yet been found to exist in this case, this motion must likewise be denied.

In sum, because of the findings in the screening order that presently no existing cognizable claims or viable Defendants exist, Plaintiff request for appointed Class counsel is

denied.    In addition, for these same reasons, Plaintiff's motion for class certification is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall randomly assign a District Judge to this action, and

2.  Plaintiff's motion for class certification (ECF No. 9) is DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 3) be DENIED as prematurely filed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – **by April 22, 2024**, – Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __April 9, 2024__                    _____ **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

4