1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME IGNACIO ESTRADA,

Plaintiff,

v.

C. PFEIFFER, et al.,

Defendants.

No.  1:23-cv-00769-KES-GSA (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Docs. 14, 15)

Plaintiff Jamie Ignacio Estrada, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On April 9, 2024, the assigned magistrate judge issued findings and recommendations recommending that Plaintiff's motion for a preliminary injunction be denied as premature because defendants had not yet been served and the court had not yet obtained personal jurisdiction over the defendants.  Doc. 14 at 2.  The magistrate judge also recommended that plaintiff's motion for class certification be denied.  *Id.* at 3 (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  Plaintiff was notified that any objections to the findings and recommendations were to be filed within 14 days.  *Id.* at 4.  Plaintiff failed to file any objections and the time to do so has passed.  *See* docket.

Also on April 9, 2024, the magistrate judge issued a screening order finding the complaint

1

failed to state a claim.  *See* Doc. 12 at 11.  The complaint also sought monetary relief from certain

defendants in their official capacity who were immune from such relief.  *Id.* at 13.  Plaintiff was

ordered to file an amended complaint within 30 days and warned that failure to file an amended

complaint might result in the dismissal of this action.  *Id.* at 14.  Plaintiff did not file an amended

complaint.  *See* docket.

On May 22, 2024, the assigned magistrate judge issued findings and recommendations

recommending that this case be dismissed for failure to prosecute and failure to obey the court's

order requiring plaintiff to file an amended complaint.  Doc. 15.  Plaintiff was provided notice

that any objections to these findings and recommendations were to be filed within 14 days.  Doc.

15 at 2.  No objections have been filed and the time to do so has passed.  *See* docket.

In accordance with the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 302, this Court

has conducted a de novo review in this case.  Having carefully reviewed the file, the Court finds

the findings and recommendations, Docs. 14–15, to be supported by the record and proper

analysis.  Plaintiff's request for a preliminary injunction, Doc. 3, is DENIED as premature.

Plaintiff's motion to certify class, Doc. 9, is also DENIED.

The Ninth Circuit has held that, prior to dismissing a case as a sanction for a plaintiff's

failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The public's interest in expeditious resolution of litigation and the court's need to manage

its docket weigh in favor of dismissal because the court cannot effectively manage its docket, nor

can the litigation be expeditiously resolved, if a plaintiff fails communicate with the court or file

the documents necessary to proceed with the litigation.  *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

favors dismissal.").  Plaintiff has not been in contact with the Court since November 20, 2023, *see*

Doc. 11, over a year ago as of the date of this order, and the first and second *Henderson* factors

therefore weigh in favor of dismissal.  As to the third factor, the risk of prejudice to the defendant

1   also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a

2   presumption of injury to the defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524

3   (9th Cir. 1976).

4        While the fourth consideration, that public policy favors disposition of cases on their

5   merits, generally weighs against dismissal, here it lends little support "to a party whose

6   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

7   progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d

8   1217, 1228 (9th Cir. 2006) (citations omitted).  Despite instructions from the magistrate judge on

9   how to proceed, plaintiff has failed to file an amended complaint or otherwise respond to the

10  screening order.  The fourth factor does not weigh against dismissal.

11       Finally, the fifth factor considers "whether the court has considered lesser sanctions,

12  whether it tried them, and whether it warned the recalcitrant party about the possibility of case-

13  dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091,

14  1096 (9th Cir. 2007).  On April 9, 2024, plaintiff was given the opportunity to file an amended

15  complaint and was warned that failure to timely file an amended complaint may result in

16  dismissal.  *Id.*  Plaintiff again had the opportunity to object to the findings and recommendations

17  issued on May 22, 2024, which recommended dismissal of the complaint, but plaintiff has failed

18  to do so.  As plaintiff was given the opportunity to file an amended complaint and was warned

19  plaintiff that his failure to further prosecute this case would result in a recommendation of

20  dismissal, the fifth factor also weighs in favor of dismissal.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Accordingly, it is ORDERED:

1.  The findings and recommendations issued April 9, 2024, Doc. 14, are ADOPTED IN FULL.

2.  Plaintiff's motion for a preliminary injunction, Doc. 3, and plaintiff's motion to certify class, Doc. 9, are DENIED.

3.  The findings and recommendations issued May 22, 2024, Doc. 15, are ADOPTED IN FULL, and this case is DISMISSED for failure to prosecute.

4.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 27, 2024

UNITED STATES DISTRICT JUDGE